Martin, J.
delivered the opinion of the court. This is an action for money lent, and money received to plaintiff’s use, and for the price of a horse, sold by the plaintiff to the defendant.
On the plea of the general issue, there was judgment for the former, and the latter appealed.
The facts in evidence are, that Wooters gave the plaintiff a note for about $350, that defendant called for payment (alleging his pos *618 session of the note, and his authority to re ceive its amount) before the maturity of the note — that at maturity, it was paid in bank.
That defendant was in the habit of obtaining money from Hepburn, on a deposit of notes — and Hepburn collected a note of Dunlap & Wooters for $356, through the Branch Bank of United States, and about the time, paid $300 to the defendant.
That the defendant said he had a horse of the plaintiff’s for sale — had agreed to sell him for* $280, and afterwards refused delivering him, unless for $300.
A letter of the defendant was produced, dated a short time after all this, in which he acknowleges the benefit he has had from the money of the plaintiff, in his hands; excuses himself from having neglected to send him a gig, and promises to pay on demand.
The plaintiff’s demand for money lent is $30, for money had and received $356, for the price of the horse $120. He gives credit for $95, and claims a balance of $400 odd dollars.
The parish judge concluded there was no proof of the loan, but that there was of the other items.
*619 The declaration of the defendant, that he . had the note given bj Wooters to the plaintiff, the circumstances of his having received from Hepburn, a sum of nearly the same amount, of Hepburn being in the habit of advancing him cash on deposit of notes, and Hepburn having collected $356 on a note of Dunlap & Wooters, would not perhaps suffice to charge the defendant with the amount of this note.
But one of the letters admits the benefit derived by the defendant, from the use of the plaintiff’s money left in his hands, and apolo-gises for not sending him a gig. This induces a belief that a larger sum than that of $30, charged as loaned, is referred to; and the presumption which the parish judge has drawn, that the proceeds of the note, viz. $356, were alluded to, is not perhaps, the light presumption which moveth not at all.— We are not able to say that he erred in his conclusion, that there is evidence that the defendant in this way received $356 of the plaintiff’s money.
We think he was correct in concluding, that the claim of $30, for money lent, is unsupported.
We do not see that the circumstance of *620 the defendant having once had a horse of the . . „ . plaintiff s for sale, is evidence that he purchased it, and promised to pay $120, or any 0ther price therefor.
Maybin for the plaintiff, Preston for the defendant.
Deducting from the $356, the amount of the note, the $95 for which the plaintiff gives credit, the balance due him is $261.
it is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that there be judgment for the plaintiff, for the sum of $261, with costs in the court a quo; those in this to be borne by him.